## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| ALBERTO TREJO., #266435 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV. ACT. NO.  1:21-cv-390-TFM-B |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| CORRECTION, *et al*., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This action, brought under 42 U.S.C. § 1983, originally arises from a dispute over the sufficiency of the actions being taken by the Alabama Department of Corrections where he accuses the correctional officials of placing him in danger during his incarceration at Kilby Correctional Facility in March 2020.  It was originally filed in the Middle District of Alabama.  Since the filing of the original complaint, Plaintiff was transferred to Fountain Correctional Facility and he now challenges the constitutionality of actions occurring at that facility.  Therefore, the case was transferred to this district.  *See* Docs. 17, 19.

Plaintiff now filed an "Emergency Notice Plaintiff has been Stabbed in Lock up '24' Times and the Crip Gang Vows He Will Die."  *See* Doc. 26, signed October 4, 2021.  The document was originally mailed to the Middle District of Alabama who inadvertently forwarded it to the Northern District of Alabama who then forwarded it to this district.  *See* Doc. 26-1.  In the pleading, he seeks the Court's intervention saying that he has been stabbed 24 times while in lock up by the Crip Gang and the the ADOC officials either facilitate or ignore the attacks.  He indicates he cannot last much longer.  *See* Doc. 26.  He seeks an investigation and protection.  *Id*.

While he did not use the words temporary restraining order or preliminary injunction, it is

clear from his requests that is what he seeks.

>A temporary restraining order ("TRO") may be granted without notice if
>
>(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
>(B) the movant[ ] . . . certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). *Ex parte* relief is to be granted sparingly. "The stringent restrictions imposed . . . by Rule 65, on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438–39, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974).

Though Plaintiff makes serious allegations, his request falls short of meeting the prerequisites for the exceptional remedy of a temporary restraining order. The requirements of a temporary restraining order are very specific. Although Plaintiff submitted an amended complaint signed under the penalty of perjury, he does not certify in writing efforts made to give notice or address why it should not be required. The Court cannot skip over the requirements of the rule.

It is therefore **ORDERED** that insofar as Plaintiff seeks a temporary restraining order, the request is **DENIED**. However, the Court certainly takes Plaintiff's arguments seriously regarding failure to protect and construes the the motion as a request for a preliminary injunction.

It is further **ORDERED** that Plaintiff's motion for preliminary injunction is hereby **REFERRED** to the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(1).

**DONE** and **ORDERED** this 25th day of October, 2021.

>  /s/ Terry F. Moorer
> TERRY F. MOORER
> UNITED STATES DISTRICT JUDGE