IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ALBERTO TREJO, AIS# 2664352    )
                               )
    Plaintiff,                 )
                               )
vs.                            ) CIVIL ACTION NO. 21-00390-TFM-B
                               )
WARDEN REOSHA BUTLER, *et al.*,)
                               )
    Defendants.                )

### REPORT & RECOMMENDATION

This action is before the Court on Plaintiff Alberto Trejo's Motion for Entry of Default Judgment against Defendant Dexter Wright (Doc. 108) and Declaration in Support of Motion for Entry of Default (Doc. 120) and Defendant Dexter Wright's Motion to Set Aside Default (Doc. 137). The motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(b) and S.D. Ala. GenLR 72(a)(1). Upon consideration, it is recommended Defendant Wright's motion to set aside default be **GRANTED**.

In September 2022, Trejo, an Alabama prison inmate, filed his sixth amended (and operative) complaint under 42 U.S.C. § 1983 against Alabama Department of Corrections (ADOC) Defendants Warden Roesha Butler, Warden Antonio McClain, Captain Willie Knight, Captain Thomas McNeil, Captain Brandon McKenzie, Lieutenant Jerome Smith, Lieutenant Dexter Wright (erroneously identified as "Darren

Wright"), Officer Carl Blackmon, and Officer John Henry Jones seeking monetary damages and immediate transfer to federal custody. (Doc. 50). Defendants Butler, McClain, Knight, McNeil, McKenzie, Smith, Blackmon, and Jones executed Waivers, and filed Answers and Special Reports. (Docs. 55, 56, 57, 58, 71, 72, 73, 74, 75, 77, 78, 101, 102). Defendant Lieutenant Dexter Wright, who is incorrectly named in the Sixth Amended Complaint, did not return did the waiver. The docket reflects that the U.S. Marshal Service personally served Defendant Wright with the operative complaint on April 26, 2023. (Doc. 86).

Plaintiff Trejo moved for entry of default judgment against Defendant Wright (Doc. 108). In an order dated January 4, 2024 (Doc. 115), the court held that Trejo's motion for default judgment was premature and granted him leave to seek a clerk's entry of default. Deforest v. Johnny Chisholm Glob. Events, LLC, No. 3:08cv498/MCR/EMT, 2010 WL 1792094, *7 (N.D. Fla. May 4, 2010); Fed. R. Civ. P. 55. The court also directed Defendant Wright to show cause by January 19, 2024, while default should not be entered against him. (Id.). Subsequent thereto, Trejo, on January 29, 2024, filed a declaration seeking the clerk's entry of default against Defendant Wright. (Doc. 120). Defendant Wright, through counsel, on February 9, 2024, filed an affidavit asserting that he

2

was formerly employed by the Alabama Department of Corrections (ADOC) as a correctional lieutenant and was assigned to Fountain Correctional Center. (Doc. 123-1). Wright also asserts that he has no knowledge of any gang members planning an attack on Trejo, nor does have any knowledge of anyone placing a hit out on Trejo's life while he was incarcerated at Fountain. (Id.).

In an order dated June 3, 2022 (Doc. 135) the undersigned noted that although Defendant Wright had submitted an affidavit, which would be treated as an Answer, the document did not address why Wright failed to timely respond to Trejo's complaint nor provide good cause why default should not be entered against him. (Id. at 5). Thus, Defendant Wright was ordered to show cause why he did not properly respond to Trejo's complaint and good cause why default should not be entered against him. (Id.). In response, Defendant Wright filed a motion to set aside default, and generally argues, through counsel, that Defendant Wright's default was neither culpable nor willful. (Doc. 137). According to defense counsel, it appears that Defendant Wright did timely draft an affidavit responding to Trejo's operative complaint; however, it was "misplaced for several months amid both Wright's departure from employment with ADOC and Fountain correctional officials' unflagging duty of running a prison". (Id. at 3).

3

Fed. R. Civ. P. 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Although a Clerk's entry of default has not been placed on the docket in accordance with Rule 55(a), "a defendant who fails to answer within the time specified by the rules is in default even if that fact is not officially noted." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1337 (11th Cir. 2014) (citation omitted).

Therefore, "a motion for relief under Rule 55(c) [setting aside a default judgement is appropriate . . . even [when] there has not been a formal entry of default." Id.

In this case, Defendant Wright was improperly identified in Plaintiff Trejo's operative complaint; however, there is no question that he was personally served with the operative complaint and failed to timely respond to the complaint. "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Good cause" is a "mutable standard . . . [and] is not susceptible to a precise formula, but some general guidelines are commonly applied." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (citation

4

omitted). When determining whether good cause exists to set aside an entry of default, courts may consider, among other factors, (1) whether the default was culpable or willful; (2) whether setting aside the default would prejudice the plaintiff; (3) whether the defaulting party has a meritorious defense; (4) whether the public interest is implicated; (5) whether the defaulting party suffered a significant financial loss; (6) whether the defaulting party acted promptly to correct the default. Id. The factors themselves are not "talismanic"; but "[w]hatever factors are employed, the imperative is that they be regarded as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." Id. (quoting Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992)) (quotation marks omitted).

As a general principal, "defaults are seen with disfavor because of the strong policy of determining cases on their merits." Fla. Physician's Ins. Co., Inc. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993). "Action on a motion to set aside default is within the discretion of the district court." Robinson v. United States, 734 F.2d 735, 739 (11th Cir. 1984). Nevertheless, "if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." Compania Interamericana Export-Import, S.A.,

5

88 F.3d at 951-52.

Although a default occurred due to Wright's failure to timely respond to Trejo's operative complaint, most of the factors set forth above weigh in favor of setting aside the default. First, it does not appear that Defendant Wright's default was willful or culpable. According to defense counsel, Defendant Wright, who is no longer employed by the Alabama Department of Corrections, did in fact timely draft an affidavit responding to Trejo's operative complaint; however, officials at Fountain Correctional Center misplaced the document and such was not discovered for some months. Given that Defendant Wright sought to fulfill his obligation and relied upon his former employer to effectuate the filing of his answer, the undersigned finds that Defendant Wright's default was not willful nor culpable. The undersigned also finds that Trejo will not be prejudiced by setting aside the default because he has been provided the discovery to which he is entitled, and the case has not been delayed but has instead progressed through the active participation of the eight other Defendants with whom Defendant Wright shares a common, meritorious defense. Accordingly, the undersigned finds that Defendant Wright has established good cause to set aside the default and thus **RECOMMENDS** that Wright's motion be **GRANTED** and Trejo's motions be **DENIED** so that Trejo's claims

6

against Wright are decided on the merits.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **17th** day of **June, 2024.**

                                       **/S/ SONJA F. BIVINS**
                               **UNITED STATES MAGISTRATE JUDGE**